ORDER

BACKGROUND

¶ 1 On November 14, 2003, the Tribal Court issued a Custody Order in the above-captioned matter. In that Order, the Tribal Court awarded joint legal custody of A.K. (DOB: 11/30/99) to her parents, Joanetta Snell and Craig Kalvig. The Court gave primary physical custody to Joanetta Snell and awarded Craig Kalvig visitation during holidays and summer months. The Court also granted the Maternal Aunt, Trudy Snell, reasonable visitation by mail and telephone and in person visitation, on the condition Ms. Snell give the parents’ one week’s notice prior to visitation. Custody Order, W-02-8-185.
¶ 2 On March 18, 2015, Appellee Trudy Snell filed a Motion for Order to Show Cause to determine why Joanetta Snell should not be held in Contempt of Court for failing to follow the visitation as set out by the Custody Order from November 14, 2003. The Court granted the motion and scheduled a hearing for April 1, 2015. The hearing was subsequently continued several times and eventually held on August 10, 2015.
¶ 3 On April 6, 2015, Appellant Joanetta Snell filed an “Objection, Motion to Dismiss, Motion to Vacate Visitation Order, and Motion for No Contact Order”, claiming that the visitation provision created parental interference, harassment, and intimidation. On April 27, 2015, Appellee Trudy Snell filed a Response to the Motion to Vacate. On May 27, 2015, Joanetta Snell filed a Reply.
¶ 4 On May 27, 2015, the Honorable Marvin Youpee, Jr., issued an Order Denying the “Objection, Motion to Dismiss. Motion to Vacate Visitation Order, and Motion for No Contact Order.” The Court found that the Motions were beyond the scope of the Show Cause proceeding, but also stated that “the issue at hand required a hearing so the Court can determine the facts of the matter.” Denial of Motion, Case No. W-02-8-184, May 27, 2015. The record does not reflect that a hearing was ever scheduled or held on the “Objection, Motion to Dismiss, Motion to Vacate Visitation Order, and Motion for No Contact Order.”
¶ 5 On August 3, 2015, Appellant Joanet-ta Snell, again filed a Petition to Vacate Order, making very similar arguments to her previous “Objection, Motion to Dismiss, Motion to Vacate Visitation Order, and Motion for No Contact Order.” The reeord does not reflect that a Response was ever filed or that the Court held a hearing on this Petition.
¶ 6 On August 10, 2015, the Court held a Show Cause Hearing. The Court found that Trudy Snell had in fact received visitation at the time alleged and therefore did not find Joanetta Snell in Contempt of Court. The Court further ordered that Joanetta Snell shall continue to allow visitation pursuant to the Custody Order.

STATEMENT OF JURISDICTION

¶ 7 The Fort Peck Appellate Court’s jurisdiction is generally limited to review the final orders from the Fort Peck Tribal Court. II CCOJ § 202. However, the Court of Appeals Procedures allows, the Appellate Court to review interlocutory appeals when the matter being appealed involves due process issues which would result in irreparable harm to the aggrieved party if the lower court action were allowed to proceed without intervention from the Appellate Court. Interlocutory appeals are appeals on procedural matters *408 touching on due process issues and do not touch upon or concern the merits of the case pending. Ft. Peck, R. of Appl Proc., Rule 6.

ISSUE

¶ 8 Appellant’s Notice of Appeal fails to precisely identify the legal issues for appeal. Unfortunately, as in Fort Peck Tribes v. Cerafin John Morales, Jr., 1 Am. Tribal Law 131 (1998). it is necessary for the Appellate Court to decipher the pleadings and brief submitted in an attempt to determine the relevant issue for consideration. Therefore, the Appellate Court shall consider, sua sponte, the following issue on appeal:
1. Whether the lower court abused its discretion and violated Appellant’s right to due process when it denied Appellant a hearing on her motions and petition?

STANDARD OF REVIEW

¶ 9 The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence. II CCOJ § 202. The Fort Peck Appellate Court will review the lower court’s denial of motion for abuse of discretion.

DISCUSSION

¶ 10 This Court has a long experience with due process of law. In Fort Peck Tribes v. John Morales, 2 Am. Tribal Law 189 (2000), we said “due process of law is a broad concept involving many aspects of an individual’s rights” including both procedural and substantive rights. In Morales, this Court established how it would approach due process issues:
“First and foremost, we believe that basic principles of fairness impose the duty on our Tribal Court Judges to protect the rights and privileges of all persons appearing in their courts, no matter what the nature of the crime or who the person may be. At a minimum, this duty requires that all parties have ‘notice’ when their liberty or property is at risk and an opportunity to make their own claims or defense. Thus, we agree with the principle set forth in Twining v. New Jersey, 211 U.S. 78, 111 [29 S.Ct. 14, 53 L.Ed. 97] (1908) which holds that notice and a reasonable opportunity to be heard to present one’s claim or defense have been fundamental conditions prescribed in all systems of law by civilized countries. We also subscribe to the notion that, ‘Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation, of life, liberty, or property,’ Carey v. Piphus, 435 U.S. 247, 259 [98 S.Ct. 1042, 55 L.Ed.2d 252] (1978). In essence, the ‘concept of due process exists to protect individuals against arbitrary action by their government’. Berry v. Arapahoe & Shoshone Tribes (1976, D.C.Wyo.) 420 F.Supp. 934.”
Morales at ¶ 7.
¶ 11 Notice and an opportunity to be heard and present one’s claim are fundamental concepts of due process according to the Appellate Court’s interpretation of due process guaranteed by the Indian Civil Rights Act. 25 U.S.C § 1302(8), Morales at ¶ 8.
¶ 12 The Rules of Civil Procedure of the Fort Peck Tribal Court, Rule 7, determine the procedure for motions practice in Tribal Court. The Rules require an individual to file and serve their motion and brief, due five (5) days after the motion, upon the opposing party. FPTC R.Civ. Pro., R. 7, *409 App. 2. The opposing party has ten (10) days after receipt of the motion and brief to file an answer. Id. Upon receipt of the motion and response, the Tribal Court may take the matter under advisement or, in its discretion, schedule a hearing on the motion if the Tribal Court believes a hearing would be beneficial or upon a timely request of either party. FPTC R.Civ.Pro., R. 7-3(a).
¶ 13 Although the Appellant characterizes her motions as an “Objection, Motion to Dismiss, Motion to Vacate Visitation Order, and Motion for No Contact Order”, and a “Petition to Vacate Order,” after a thorough reading of such pleadings, the Appellate Court characterizes these pleadings as a Motion to Modify the visitation granted in the original Custody Order. This Motion presents separate and distinct issues from the Motion for Order to Show Cause. The Tribal Court based its denial of the motions on the fact that they were beyond the scope of the Show Cause Hearing, which may be true. However, as the lower court states in its order denying the motion, “those issue[s] ... require a hearing so the Court can determine the facts of the matter.” Denial of Motion, W-02-8-184.
¶ 14 Although the Tribal Court found it inappropriate to allow Appellant Joanetta Snell to present her motions during the Show Cause Hearing, the Tribal Court should have set up a subsequent hearing to allow her to present her claims. The Tribal Court, pursuant to the Rules of Civil Procedure, has discretion to rule on motions without a hearing, but should only do so when there are no genuine issues concerning material fact that are presented in the motion or if the parties are clearly not entitled to relief. Procedural due process requires Appellant have an opportunity to be heard and present her claim on the motions and petition that she filed.

ORDER

¶ 15 The Fort Peck Appellate Court hereby reverse the Tribal Court’s Order Denying the “Objection, Motion to Dismiss, Motion to Vacate Visitation Order, and Motion for No Contact Order” and “Petition to Vacate Order” and remand to the Tribal Court to provide Appellant with an evidentiary hearing to resolve material questions of fact.